# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re:                                          Case No. 8:13-bk-05393-KRM
**EDELMIRO TOLEDO-CARDONA**          Chapter 7

        Debtor.

_____/

## VERIFIED MOTION TO DETERMINE SECURED STATUS OF
## BANK OF AMERICA, N.A. AND TO STRIP LIEN EFFECTIVE ON DISCHARGE

> **Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 30 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 801 N. Florida Ave, Ste 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Kelley M. Petry, P.A., P.O. Box 7866, Tampa, Florida 33673.**

> **If you file and serve an appropriate objection within the time permitted, and the objection reveals factual or legal issues requiring a hearing, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Debtor, by and through the undersigned attorney, files this Verified Motion to Determine Secured Status of Bank of America, N.A. and to Strip Lien Effective on Discharge and states the following:

1.      This case was instituted by the filing of a Voluntary Petition under Chapter 7 of the Bankruptcy Code on April 25, 2013.

2.      As of the Filing Date, Debtor owns certain real property located at 6906 E Creek Dr, Tampa, in Hillsborough County, State of Florida ("Real Property"), more particularly described as:

> The Southerly 80 fee of Lot 4, Block 5, BYARS HEIGHTS
> RESUBDIVISION of Block 5, as recorded in Plat Book 32, Page 84, of
> the Public Records of Hillsborough County, Florida.

3.      Debtor has duly listed the Real Property on Schedule A, and has claimed it as exempt homestead pursuant to Fla. Const. art. X, §4(a)(1); Fla. Stat. Ann. §§222.01, 222.02, 222.05.

4.     On or about December 31, 2012, Debtor entered into an agreement whereby Quicken Loans Inc. loaned Debtor the amount of $135,900.00, to be secured by a first mortgage on the Real Property ("First Mortgage").  The First Mortgage was recorded in the official records of Hillsborough County on January 8, 2013, at Official Record Book 21597 Pages 1170 – 1186, Instrument #2013008572.

5.     On or about November 14, 2007, Debtor entered into a Mortgage, whereby Countrywide Bank, FSB loaned the Debtor a principal sum of $32,000.00, to be secured by a second mortgage on the above-mentioned Real Property (the "Second Mortgage").  The Second Mortgage was recorded in the official records of Hillsborough County, Florida on November 29 2007 in Official Record Book 18281, Page 1801 - 1808, Instrument #2007500493.

6.     The current value of Debtor's Real Property is approximately $77,689.00 according to the Hillsborough County Tax Collector (attached hereto as "Exhibit A").

7.     The balance of the First Mortgage is approximately $135,703.00.

8.     Bank of America, N.A. is servicing the Second Mortgage and reports a current balance due in the amount of approximately $32,000.00.

9.     Debtor has brought this Motion pursuant to 11 U.S.C. §506(a)(2) for the purpose of requesting this Court determine the secured status of the Second Mortgage.

10.     The Second Mortgage is only entitled to a secured claim to the extent of the value of the First Mortgage's interest in the Debtor's Real Property.

11.     The value of Debtor's Real Property is exceeded by the value of the First Mortgage's interest.  As a result, there is no equity in the Real Property securing the Second Mortgage.

12.     Debtor requests this Court find the claim of the Second Mortgage is wholly unsecured and is void effective on discharge.

**WHEREFORE**, Debtor  respectfully requests this Court enter an order granting this Motion, determining that the value of the Real Property is $77,689.00, that the claim of the Second Mortgage is wholly unsecured, that the Second Mortgage shall have an allowed unsecured claim, that the lien of the Second against the Real Property is void effective on discharge, and granting such other and further relief as is just and proper.

## <u>CERTIFICATE OF SERVICE</u>

    **I HEREBY CERTIFY** that a copy of the foregoing Verified Motion to Determine Secured Status of Bank of America, N.A. and Strip Lien Effective on Discharge has been furnished by U.S. Mail or electronic filing notice to **Shari Streit Jansen,** trustee, P.O. Box 50667, Sarasota, FL 34232; **Edelmiro Toledo Cardona,** debtor, 6906 E Creek Dr, Tampa, FL 33615; **Bank of America, N.A.,** Bankruptcy Department, P.O. Box 26012, NC4-105-02-99, Greensboro, NC 27420; **Bank of America, N.A.,** c/o CT Corporation System, Registered Agent, 1200 S. Pine Island Dr., Plantation, FL 33324; by certified mail to **Bank of America, N.A.,** c/o Bruce R. Thompson, Chief Financial Officer, 150 N. College St., NC1-028-17-06, Charlotte, NC 28255, this 7th day of June, 2013.

                                               /s/ Kelley M. Petry
                                       Kelley M. Petry, Esq. Fl Bar No 0388180
                                       Kelley M. Petry, P.A.
                                       P.O. Box 7866
                                       Tampa, FL 33673
                                       (813)873-0713
                                       (813)873-0715 fax